UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IVAN RODRIGUEZ,                             :
                                            :
                  Petitioner,               :
                                            :
       -against-                            :
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
                  Respondent.               :
------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7-2-07

06 Civ. 330 (CSH)

MEMORANDUM
AND ORDER

HAIGHT, Senior District Judge:

Petitioner Ivan Rodriguez, *pro se*, has applied for a certificate of appealability from this

Court's Memorandum Opinion and Order dated July 14, 2006,[1] which denied Rodriguez's motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Under 28 U.S.C. § 2253(c), a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right."  The Supreme Court has

explained the § 2253(c) standard for substantive and procedural rulings:

> Where a district court has rejected the constitutional claims on the merits, the
> showing required to satisfy § 2253(c) is straightforward: The petitioner must
> demonstrate that reasonable jurists would find the district court's assessment
> of the constitutional claims debatable or wrong. . . .   When the district court
> denies a habeas petition on procedural grounds without reaching the
> prisoner's underlying constitutional claim, a COA [certificate of
> appealability] should issue when the prisoner shows, at least, that jurists of
> reason would find it debatable whether the petitioner states a valid claim of
> the denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court's July 14, 2006 Opinion rejected Rodriguez's motion on both procedural and

---

[1] The July 14, 2006 Opinion is reported at 438 F. Supp. 2d 449.

substantive grounds.

First, I concluded that Rodriguez's motion was untimely. The one-year limitation period established by the Antiterrorism and Death Penalty Act of 1996 (AEDPA) required Rodriguez to file his § 2255 motion by May 8, 2001. But Rodriguez did not file his motion until January 17, 2006. Rodriguez contended that the statute of limitations should be equitably tolled because prison officials had confiscated his legal papers. Equitable tolling is appropriate when the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (citations and quotations omitted). I concluded that, even assuming that "extraordinary circumstances" had been created by prison officials' intentional confiscation Rodriguez's legal papers, Rodriguez had not demonstrated that the unavailability of his legal papers prevented him from filing a timely motion. 438 F. Supp. 2d. at 453-55.

In addition, I note that Rodriguez did not demonstrate that he acted with reasonable diligence during the period of delay. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"). Rodriguez filed his motion over four and a half years after the original limitation period expired, and his explanations for the delay—such as transfers, limited access to law library services, lack of English skills, and inability to obtain legal assistance—are inadequate. *See Montalvo v. Strack*, 2000 WL 718439 at *2 (S.D.N.Y. June 5, 2000) (transfers between prison facilities did not merit equitable tolling); *Saldana v. Artuz*, 2000 WL 1346855, at *2 (S.D.N.Y. Sept. 19, 2000) (difficulty accessing library books did not justify equitable tolling); *Martinez v. Kuhlmann*, 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (difficulty with the English language and insufficiency of

2

legal assistance did not warrant equitable tolling).[2]  For these reasons, I conclude that jurists of reason would not find it debatable whether Rodriguez's motion was procedurally barred because it was untimely.

The July 14, 2006 Opinion also found that, even if Rodriguez's motion had been timely, all of his claims were either procedurally defaulted or of no substantive merit. 438 F. Supp. 2d. at 455-57. For the reasons presented in my earlier Opinion, I find that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, I deny Rodriguez's request for a certificate of appealability.

It is SO ORDERED.

Dated: New York, New York
    April 2, 2007

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Second Circuit has also explained: "If the limitations period is equitably tolled to permit an otherwise late filing, the limitations period may be said to have been tolled [until] . . . the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition." *Valverde*, 224 F.3d at 134. Thus, even if some degree of equitable tolling had been appropriate in this case, Rodriguez clearly failed to show that, if he had acted with reasonable diligence, the earliest date he should have filed the motion was over four and a half years after the original expiration date.