```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x

IVAN RODRIGUEZ,                          :

                Petitioner,              :
                                            06 Cv. 330-CSH
         -against-                       :  94 Cr. 313-CSH

UNITED STATES OF AMERICA,                :  MEMORANDUM OPINION
                                               AND ORDER
                Respondent.              :

-----------------------------------------x
```

HAIGHT, D.J.

On May 16, 1995, following a twelve-week jury trial, defendant/petitioner Ivan Rodriguez was convicted of murder, conspiracy to commit murder, and the use of a firearm in furtherance of those crimes. This Court sentenced Rodriguez principally to a term of life in prison, followed by a mandatory consecutive five-year term for the firearm violation. On direct appeal, the Second Circuit affirmed Rodriguez's conviction and sentence. 203 F.3d 156 (2d Cir. 2000); 2000 WL 234427 (2d Cir. Feb. 7, 2000) (unpublished opinion). Rodriguez's conviction became final ninety days later, on May 8, 2000, when his time for filing a writ of certiorari with the Supreme Court expired. On February 17, 2006, Rodriguez filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Court denied that motion in an Opinion and Order reported at 438 F.Supp.2d 449 (S.D.N.Y. 2006) ("the 2006 Order"), familiarity with which is assumed.

Rodriguez now moves *pro se* pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the 2006 Order. The government opposes the motion. For the reasons that follow, Rodriguez's motion is denied.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/09

1

The 2006 Order's first point of decision was that Rodriguez's § 2255 motion, filed in 2006, was untimely under the one-year limitation period contained in the Antiterrorism and Death Penalty Act (AEDPA). Rodriguez sought to avoid the limitations bar by invoking the doctrine of equitable tolling. "The circumstance that Rodriguez relies upon for equitable tolling is his inability while incarcerated to obtain and make use of his legal papers and files." 438 F.Supp.2d at 452. The Court accepted that "Rodriguez has never been able to obtain the legal papers relevant to his case," *id*. at 452 n.3, but did not undertake to decide (as unnecessary to the decision) whether prison officials destroyed his legal papers or simply lost them. On the present motion, Rodriguez submits his affidavit verified on June 22, 2009, tending to show that his legal files went astray in 1997 and 1998, when he was transferred from the MCC to Beekman Downtown Hospital for emergency care and then to the Westchester County jail for 15 months. Rodriguez says: "And when I got back to MCC the Officers said we don't have your paper-work. And, until this day I still don't have my paper-work to adequately present a 28 U.S.C. § 2255 petition. They lost all my legal work or it has been destroyed." Affidavit at 2. Rodriguez combines those assertions with this language from the 2006 Order: "If the timeliness of Rodriguez's motion depended upon whether prison officials intentionally confiscated his legal papers instead of negligently losing them, there would have to be an evidentiary hearing, since Rodriguez does not know what happened to his files." *Id.* at 453. Rodriguez appears to argue in his present motion that his affidavit is sufficient to vacate the 2006 Order and require such a hearing.

Rodriguez's argument fails because it disregards the language in the 2006 Order immediately following what he quotes from it: "But there is no need for a hearing because, even assuming that prison officials intentionally (and wrongfully) confiscated and destroyed Rodriguez's legal papers,

2

Rodriguez cannot satisfy the second requirement for equitable tolling articulated by the Second Circuit in *Valverde*[1] and other cases." 438 F.Supp.2d at 453. That second requirement is a causal link between the loss of legal papers and an inmate's failure to file a timely petition under the AEDPA. Rodriguez's first motion failed to satisfy that requirement, for the reasons stated in the 2006 Order, and the papers submitted on his present motion do not address the issue. Quite apart from the fact that Rodriguez's affidavit on his present motion falls well short of showing that the officers' inability to produce his legal papers resulted from their intentional destruction of them, the present motion does not demonstrate why the causal basis for the 2006 Order should be vacated.

Rodriguez's present motion also includes a single-page medical record apparently generated by the Lincoln Medical & Mental Health Center in the Bronx. The document, dated February 8, 1991, is comprised of three sections, captioned "Consultation Referral," "Reason for Consultation (Include History & Pertinent Findings)," and "Consultant's Findings & Recommendations." The referral is for a "psych" consultation. (It is not clear whether this is an abbreviation for "psychiatric" or "psychological," but given the hospital setting and the fact that the record is to be signed by a "Consulting Physician," I will assume it is a psychiatric consultation). The handwritten notations in the Reasons for Consultation, not entirely legible, describe Rodriguez as a 46-year old male "with 30 years of alcoholism" who "has developed "Organic personality disorder" with "Antisocial violent behavior." The consultant is asked to "evaluate & follow." On February 11, 1991, Fernando Taveras, apparently a physician, signed a handwritten finding of "Organic Delusions Disorder" and noted Rodriguez's referral to another facility (presumably outpatient). Dr. Taveras's notes recite

---

[1] *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000).

3

that Rodriguez "was released from jail less than a month ago,"[2] and (to the extent legible) describe Rodriguez as: "Alert, fully oriented, neutral mood, appropriate aspect, speech is clear, coherent, relevant . . . no perceptual disturbances. (illegible) delusional thoughts at this point. Pt [patient] is quiet. Fair judgment and insight."

Rodriguez's present motion characterizes this medical record as newly discovered evidence sufficient to justify reopening the case. I cannot agree. Even if one assumes that this 1991 medical record is truly "newly discovered," that is, Rodriguez could not have found it earlier by the exercise of due diligence, its contents are insufficient to demonstrate Rodriguez's mental incompetence to stand trial in the captioned case four years later, or to serve as a basis for equitable tolling of the AEDPA time bar. The 2006 Order observes: "There is nothing in this record to suggest that Rodriguez was incapacitated or incompetent in any way to participate in the trial of 1995, including communicating with his attorney." 438 F.Supp.2d at 457. The medical record proffered on the present motion does not cure that failure of proof. I will add only that if during the trial of this case Rodriguez exhibited delusional symptoms so severe that he could not follow or participate in the proceedings, I have every confidence that his able and conscientious counsel would have alerted the Court to the problem. The question was never raised.

While a petitioner's Rule 60(b)(6) motion challenging only a district court's previous ruling on the AEDPA statute of limitations "is not the equivalent of a successive habeas petition" requiring statutory precertification by the court of appeals, to succeed on a motion under the Rule a petitioner

---

[2] Rodriguez was incarcerated in a New York prison on unrelated charges from January 10, 1986 to January 18, 1991. *See Rodriguez v. Williamson*, No. 06 Civ. 14306, 2007 WL 2274255 (S.D.N.Y. Aug. 2, 2007), at *1. He was arrested by federal authorities in the instant case in May of 1992.

4

must show "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005). For the foregoing reasons, Rodriguez does not make that showing in this case. His motion for relief under Rule 60(b)(6) is accordingly DENIED.

It is SO ORDERED.

Dated: New York, New York,
       September 30 , 2009

_____
CHARLES S. HAIGHT, JR.
Senior United States District Judge